Lloyd MILLS, Appellant,

v.

STATE of Texas, Appellee.

No. 11–91–108–CR.

Court of Appeals of Texas, Eastland.

Feb. 11, 1993.

Discretionary Review Refused May 26, 1993.

Lloyd Mills, Palestine, Clifton L. "Scrappy" Holmes, Holmes Law Office, Longview, for appellant.

Jack Skeen, Jr., Crim. Dist. Atty., Tyler, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury convicted Lloyd Mills of aggravated possession of cocaine, and the trial court assessed his punishment at confinement for 40 years. We affirm.

In his first point of error, appellant argues that the evidence is insufficient to show that he knowingly possessed cocaine. We disagree.

In order to determine if the evidence is sufficient, we must review all of the evidence in the light most favorable to

the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Ransom v. State,* 789 S.W.2d 572 (Tex.Cr.App.1989), *cert. den'd,* 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). In cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew that the matter possessed was contraband. *Humason v. State,* 728 S.W.2d 363 (Tex.Cr. App.1987). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must affirmatively link the accused to the contraband. *Pollan v. State,* 612 S.W.2d 594 (Tex.Cr.App.1981). Included in the factors that can establish the affirmative link are: (1) the contraband was in open or plain view; (2) the accused was the owner of the premises; (3) sufficient lighting existed in the area of the contraband; (4) the amount of contraband; (5) the contraband was conveniently accessible to or in close proximity to the accused; and (6) furtive gestures were made by the accused. See *Guiton v. State,* 742 S.W.2d 5 (Tex.Cr.App.1987); *Pollan v. State,* supra; *Simpson v. State,* 709 S.W.2d 797 (Tex.App.—Fort Worth 1986, pet'n ref'd).

▮ The record shows sufficient affirmative links. Upon executing a search warrant at appellant's residence, officers found appellant and two women in the back bedroom standing near the closet. As Officer Bobby Stark entered, he saw appellant throw something into the open closet. Although Officer Stark could not identify the object thrown into the closet, he testified that it was not an article of clothing and that it was small enough to fit in appellant's hand. Officer Bobby Lane Van Ness picked up a brown bottle lying on a pile of clothes on the floor just inside the closet. The bottle contained 5.28 grams of cocaine.

Officer Van Ness saw nothing else in the closet other than the clothes piled in the floor. A "cookie" of cocaine weighing about 56 grams was found in the same closet underneath a pile of clothes on the top shelf. The closet in which the cocaine was found was located in appellant's bedroom and contained his clothes. The two women in the room with appellant were not occupants of the house. The affirmative links are sufficient to show that appellant knew of the cocaine's existence and exercised control over it. We hold that the evidence is sufficient to exclude every reasonable hypothesis other than appellant's guilt, even though he testified that he knew nothing about the cocaine and that it must have belonged to his daughters.[1] The jury was free to disbelieve his explanation. The first point of error is overruled.

▮ In his second point of error, appellant argues that the trial court erred in failing to include his requested jury charge on the lesser included offense of possession of less than 28 grams of cocaine. We disagree. A jury charge on a lesser included offense is proper if, but only if, there is some evidence in the record that, if the defendant is guilty, he is guilty only of the lesser included offense. *Lincecum v. State,* 736 S.W.2d 673 (Tex.Cr.App.1987), *cert. den'd,* 486 U.S. 1061, 108 S.Ct. 2835, 100 L.Ed.2d 936 (1988); *Hart v. State,* 634 S.W.2d 714 (Tex.Cr.App.1982), *overruled on other grounds by Cane v. State,* 698 S.W.2d 138 (Tex.Cr.App.1985). There is nothing in the record to show that appellant possessed the 5.28 grams of cocaine in the brown bottle but did not possess the 56 grams of cocaine. See *Hart v. State,* supra. Moreover, the trial court was not required to charge on the lesser included offense because appellant presented evidence that he committed no offense at all. *Rogers v. State,* 687 S.W.2d 337, 345 (Tex. Cr.App.1985); *James v. State,* 774 S.W.2d 418 (Tex.App.—Dallas 1989, pet'n ref'd). The second point of error is overruled.

In his third point of error, appellant argues that the trial court erred in failing to

---

1. This case was tried before *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991), wherein the court rejected the "reasonable hypothesis analytical construct."

grant a mistrial after the State violated a motion in limine. We disagree. Officer Van Ness testified that he found a "small plastic baggy of a green, leafy substance," which he believed to be marihuana, in a dresser in appellant's bedroom. Appellant objected and requested a bench conference. Appellant's objection was sustained, and the jury was instructed to disregard the statements. Appellant's motion for mistrial was overruled.

When an improper response is made and the trial court sustains a timely objection and instructs the jury to disregard the remark, the error is generally cured. *Stoker v. State*, 788 S.W.2d 1, 13 (Tex.Cr.App.1989); *Kelley v. State*, 677 S.W.2d 34 (Tex.Cr.App.1984). Only in extreme cases does the error require reversal. We hold that the statement was not so inflammatory that a mistrial was required and that the court's instruction was sufficient to cure any error. Moreover, it appears that the marihuana found in appellant's room during the search pursuant to a search warrant would had been admissible for purposes such as showing appellant's knowledge or intent to possess the cocaine or the context of the offense or the arrest. See *Lockhart v. State*, 847 S.W.2d 568 (Tex.Cr.App.1992); *Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App.1991); *Cantrell v. State*, 731 S.W.2d 84 (Tex.Cr.App. 1987). The third point of error is overruled.

In his fourth and sixth points of error, appellant argues that the trial court erred in allowing impeachment of appellant through extraneous offenses. In the fourth point of error, appellant urges that the trial court should not have admitted testimony that he sold "Preludin" to an undercover officer. In his sixth point of error, appellant argues that the trial court erred in allowing the undercover officer to testify that she discussed the possibility of a future purchase of cocaine with appellant. Appellant argues that these extraneous offenses were inadmissible because his non-responsive answer on cross-examination did not open the door to this testimony,

because the State did not adequately prove the extraneous offenses, and because the trial court failed to have a hearing outside the presence of the jury to determine the admissibility of the evidence. We disagree.

In order to determine if the trial court erred in admitting the evidence, we must determine: (1) whether the evidence was relevant and (2) whether the court abused its discretion in weighing and balancing the probative value of the evidence against the danger of unfair prejudice to appellant. *Montgomery v. State*, supra; see also TEX.R.CRIM.EVID. 401, 402, 403, & 404(b). The evidence concerning the sale of Preludin from appellant's home and the possible purchase of cocaine was relevant not only to show an affirmative link between appellant and the cocaine found in his bedroom but also to rebut appellant's defensive theory that the cocaine was not his, that he knew nothing about it, that his daughters and their friends were the ones with drug problems, and that he had never sold cocaine nor "done anything wrong like that." See *Saenz v. State*, 843 S.W.2d 24 (Tex.Cr.App.1992) (not yet reported); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App. 1972); *Vasquez v. State*, 814 S.W.2d 773 (Tex.App.—Houston [14th Dist.] 1991, pet'n ref'd).

Appellant, citing *Prescott v. State*, 744 S.W.2d 128 (Tex.Cr.App.1988), argues that statements made on cross-examination, as opposed to those made on direct examination, cannot open the door to impeachment or rebuttal with extraneous offenses. See also *Shipman v. State*, 604 S.W.2d 182 (Tex.Cr.App.1980); *Dunn v. State*, 804 S.W.2d 952 (Tex.App.—Eastland 1991, pet'n ref'd). Although appellant correctly states the general rule, we find *Martinez v. State*, 728 S.W.2d 360 (Tex.Cr.App.1987), to be dispositive of the issue in this case. At trial, the following exchange occurred during the cross-examination of appellant:

Q: Yesterday morning was the first time you mentioned about not knowing about cocaine in this case, the May 26th case of '89?

A: I might have discussed it with some people.

Q: Well, who?

A: I just can't recall, some people. Because it was serious and I can't stand this pressure against my heart. I just couldn't stand it and I wanted somebody to give me some advice what to do about my children and about my health and about what was going on in my home. I asked more than one people for advice. And I try to work every day. If I am selling cocaine I wouldn't work. I wouldn't work. I would go on and sell cocaine and let the job go. I don't know—I have never sold—I ain't never done anything wrong like that. And I just couldn't stand it with my heart and I just had to have somebody to talk to about it. I talked to people on any job about it.

In response to this testimony, an undercover officer was allowed to testify on rebuttal that appellant had previously sold her four tablets of Preludin for $108 and that they had discussed a future purchase of cocaine. We hold that the State did not elicit appellant's response concerning his previous misconduct or experience with drugs. Since appellant voluntarily and non-responsively testified concerning those extraneous matters, the court properly allowed the State to correct the false impression left by appellant concerning his previous misconduct. See *Martinez v. State*, supra.

■■■■ The record shows that the State adequately proved the extraneous acts because appellant was shown to have been the perpetrator and because, even though Preludin is not expressly listed as a controlled substance in the Texas Health & Safety Code, the officer's testimony that Preludin is an "illegal drug" was sufficient to prove the extraneous act for purposes of rebuttal.[2] See *Castillo v. State*, 739 S.W.2d 280, 289 (Tex.Cr.App.1987). Because this testimony was offered on rebuttal and because Rule 404(b) applies to "oth-

er ... acts," we find no error in the State's failure to present evidence of the extraneous act upon which a conviction could be based such as testimony from the chemist who analyzed the pills. Additionally, the trial court did not err in failing to hold an evidentiary hearing outside the presence of the jury. The court, outside the jury's presence, heard the State's summary of the proposed evidence regarding the extraneous offenses, entertained the arguments of counsel, and overruled appellant's objection. The trial court did not abuse its discretion in determining that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence.[3] Appellant's fourth and sixth points of error are overruled.

■■■■ In his fifth point of error, appellant argues that the trial court erred in failing to hold an in camera hearing regarding the identity of a confidential informant who was present when the extraneous offense occurred. We disagree. Under TEX.R.CRIM.EVID. 508(c)(2), an in camera hearing regarding a confidential informant's identity is required if the defendant makes a plausible showing of how the informant's information could be necessary to a fair determination of his guilt or innocence. Mere conjecture or supposition about the relevancy of the potential testimony is insufficient. *Bodin v. State*, 807 S.W.2d 313, 318 (Tex.Cr.App.1991). Other than showing that the informant introduced the undercover officer to appellant and that he was present when the extraneous offense occurred, appellant did not explain how the informant's testimony was relevant to his guilt or innocence. See and compare *Anderson v. State*, 817 S.W.2d 69 (Tex.Cr.App.1991) (where mistaken identity was an issue and the informant was present during the primary offense). Appellant's fifth point of error is overruled.

---

2. We note that Rule 404(b) applies to the admission of evidence concerning "other crimes, wrongs, or acts" which are not necessarily extraneous offenses or convictions.

3. Compare *Saenz v. State*, supra. In *Saenz*, the court determined that, although the extraneous offense evidence involving the sale of contra-

band was relevant, the danger of unfair prejudice substantially outweighed the relatively low probative value of the evidence because there was no connection between the defendant, who was on trial for possession of cocaine, and the extraneous offense.

In his final point of error, appellant argues that the trial court erred in admitting a glass measuring cup into evidence because there was no evidence connecting appellant to the cup and because the court failed to hold a hearing outside the jury's presence to determine its probative value and prejudicial effect. Officer Van Ness testified on rebuttal that a glass measuring cup containing a liquid yellow substance, which had not been analyzed, was found in the same closet as the cocaine. He testified that the cup was consistent with the cooking of crack cocaine. The cup was sufficiently connected to the closet where the cocaine was found and, thus, to appellant that it was relevant. Furthermore, outside the presence of the jury, the court heard the proposed evidence and the arguments of counsel and then ruled that the evidence was admissible. The court did not err in admitting the cup into evidence. The seventh point of error is overruled.

The judgment of the trial court is affirmed.