IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-476-CR





MOHD ALSABEREEN, A/K/A MOHAMED TARHUNI,


A/K/A MOHMED TARHUNI,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE





 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0922224, HONORABLE BOB JONES, JUDGE PRESIDING



 






 Appellant waived a jury trial and entered a plea of not guilty before the court to the
offense of possessing cocaine with the intent to deliver. The trial court found appellant guilty of
possessing cocaine and found that appellant had prior convictions for possession and delivery of
cocaine. Punishment of confinement for 25 years was assessed.

 Appellant asserts in his sole point of error that the evidence is insufficient to
support his conviction for possession of cocaine since the evidence fails to affirmatively link him
to the cocaine seized and admitted in evidence. We will affirm the judgment.

 On December 12, 1991, Austin police officers Terry Gish and David Jarrell
stopped a car driven by Belinda Groves because the car had an expired license plate tag. 
Appellant, the only passenger, was seated in the front passenger seat. While Officer Gish was
talking to Groves at the back of the car, Officer Jarrell shined his flashlight into Groves' car, "so
I could get a good look at the passenger." Jarrell testified: "You don't want them in there
grabbing any guns." When Jarrell looked into the car, he saw two marihuana "roaches," one in
the ash tray and the other in plain sight on the transmission hump between the driver and the
passenger. Jarrell testified that appellant looked "really nervous . . . a little bit jittery" and he was
twirling a little black object in his hand. Appellant furnished Jarrell identification which Jarrell
used to "run a check" that revealed seven traffic warrants for appellant's arrest. Appellant was
arrested and required to go to the back of the car.

 Jarrell seized the marihuana "roaches" and searched the seats. He found the little
black strap that appellant had been twirling. Continuing his search, Jarrell found a black eyeglass
holder under the floor mat on which appellant had his feet while seated in the car. When Jarrell
shook the holder, it felt as if it contained some object other than glasses. In the glasses holder,
Jarrell found a "big white bag -- a plastic bag with a white powdery rock-type substance in it, and
I believed it was cocaine." Jarrell also found in the holder a folded paper in which there were "a
white powdery substance," a "marihuana joint," and a plastic vial containing a residue.

 Officer Jarrell testified that the "strap" or "clasp" that appellant had been twirling,
"appeared to be . . . the clasp that used to hold -- it looks like they [the strap and glasses holder]
go together (indicating) . . . they appear to be connected. They fit pretty much -- pretty good, and
plus the yellowish styrofoam here, . . . appears to be that same type of styrofoam. So it appears
they belong together." In the glove compartment, Officer Jarrell found a copy of a traffic citation
that had been issued to appellant during the preceding month when he had been driving the same
car which Groves was driving when she and appellant were arrested.

 The State offered Belinda Groves' testimony, that prior to their arrest appellant had
called her and asked for a ride. He told her he was not "holding any cocaine." Groves said that
the small amount of cocaine the officers found in her wallet was all of the cocaine that she
possessed that day. Groves testified that after their arrest appellant said the cocaine the officers
found was his and he was sorry that she got in trouble. Later, appellant asked Groves to take the
blame and say that all of the cocaine was hers because she would be in no additional trouble. 
Groves testified that appellant was a cocaine dealer and that he delivered cocaine to the dancers
in the clubs named "Expose" and "The Lady." On the day of trial, appellant had asked Groves
not to testify and to "plead the fifth."

 Mary Nell Villereal, a forensic chemist employed by the Austin Police Department,
analyzed the white powdery substance seized by the officers in this case and identified it as
cocaine. The total weight of the substance was 14.5 grams and, in the chemist's opinion, this
amount of cocaine would make 56 quarter-gram packages for street sale.

 In reviewing the sufficiency of the evidence, the relevant question is whether, after
reviewing the evidence in the light most favorable to the State, any rational trier of fact could have
found the essential elements of the criminal offense beyond a reasonable doubt. Jackson v.
Virginia, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988); Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988). When the State relies on circumstantial evidence, an appellate court no
longer applies the reasonable hypothesis analytical construct. Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Mack v. State, 859 S.W.2d 526 (Tex. App.--Houston [1st Dist.] 1993,
no pet.)

 In proving possession of a controlled substance, the State must prove that the
accused exercised control, management, and care over the substance and that the accused knew
the matter possessed was contraband. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988); Cude v. State, 716 S.W.2d 46 (Tex. Crim. App. 1986); Parr v. State, 864 S.W.2d 132
(Tex. App.--Houston [14th Dist.] 1993, pet. ref'd); Castellano v. State, 810 S.W.2d 800 (Tex.
App.--Austin 1991, no pet.). When the accused does not have exclusive possession of the place
where the contraband is found, the evidence must affirmatively link the accused to the contraband. 
Pollan v. State, 612 S.W.2d 594 (Tex. Crim. App. 1981); Mills v. State, 847 S.W.2d 453 (Tex.
App.--Eastland 1993, pet. ref'd).

 We note that in a recent, incisive opinion, Chief Justice Walker of the Ninth Court
of Appeals logically points out that the "`affirmative link' analysis is no longer appropriate,
because the `affirmative link' analysis of evidence is merely a function of the `reasonable
hypothesis analytical construct,' which itself was expressly abrogated in Geesa." Eaglin v. State,
872 S.W.2d 332 (Tex. App.--Beaumont 1994, no pet.); citing Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); see also Hernandez v. State, 867 S.W.2d 900, 904 n.1 (Tex.
App.--Texarkana 1993, no pet.). While we believe Eaglin is correct, we will determine whether
the affirmative links in this case are sufficient to find the evidence supports the judgment.

 Numerous cases aid us in determining what "affirmative links" will be sufficient
to prove possession of a controlled substance. See, e.g., Deshong v. State, 625 S.W.2d 327 (Tex.
Crim. App. 1981); Watson v. State, 861 S.W.2d 410 (Tex. App.--Beaumont 1993, pet. ref'd);
Williams v. State, 859 S.W.2d 99 (Tex. App.--Houston [1st Dist.] 1993, pet. ref'd); Whitworth
v. State, 808 S.W.2d 566 (Tex. App.--Austin 1991, pet. ref'd); Trejo v. State, 766 S.W.2d 381
(Tex. App.--Austin 1989, no pet.).

 Appellant was nervous when approached by Officer Jarrell. Appellant was seated
within sight and reach of other contraband -- the marihuana "roaches." Appellant had in his hand
and was twirling a "strap" which appeared to "fit" the glasses holder in which the cocaine was
found. There was a relatively large amount of cocaine which would make 56 "hits" or "doses"
for street sale. The cocaine container was found under the floor mat on the passenger side of the
car where appellant had been sitting. The traffic ticket in the glove compartment connected the
appellant with the car as its driver within the month prior to his arrest in the car. These facts and
circumstances sufficiently link appellant with the cocaine independently of Groves' testimony that
appellant told her the cocaine was his, and her testimony that he was a cocaine dealer who
delivered cocaine to the dancers at the clubs "Expose" and "The Lady."

 The evidence considered in the light most favorable to the State would allow any
rational trier of fact, in this case the trial court, to find that all of the essential elements of the
offense were proved beyond a reasonable doubt. The evidence is sufficient to support appellant's
conviction. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice 

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: June 22, 1994

Do Not Publish

















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).