**Kerren Keith SHIPMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59458.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 10, 1980.

Clifford W. Brown and Ralph H. Brock, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and John Kilpatrick, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated. The punishment is confinement in the county jail for five days and a fine of $250.00.

Appellant contends that the trial court erroneously permitted the prosecutor to prove, at the guilt–innocence stage of the trial, that appellant had previously been convicted of the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated. For the reasons stated, we agree and reverse the judgment.

On cross–examination, the following exchange took place:

"Q. [Assistant District Attorney]: Mr. Shipman do you know what the definition of intoxicated is?

"A. [Appellant]: Not really, just what I have heard here today.

"Q. Have you ever been intoxicated before?

"A. Well I could say that's what people– you know the definition. Over the years, back years ago when I was a youngster I would say I have been.

"Q. Let's say within the last two or three years. Have you ever been intoxicated?

"A. I don't think so."

The assistant district attorney, out of the jury's presence, informed the court that he wished to impeach appellant's testimony by showing he had been convicted for the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated within the preceding two years. The trial court, over appellant's objection, ruled that such impeachment would be allowed. The prosecutor was permitted to ask the appellant, in front of the jury, if he had not pled guilty to a charge of driving a motor vehicle on a public highway while intoxicated committed on June 27, 1976. Appellant acknowledged that he had.

When a witness is cross–examined on a collateral matter, the cross–examining party may not then contradict the witness' answer. *Arechiga v. State*, 462 S.W.2d 1 (Tex.Cr.App.1971); *Gatson v. State*, 387 S.W.2d 65 (Tex.Cr.App.1965); *Bates v. State*, 587 S.W.2d 121 (Tex.Cr.App.1979) (Opinion on Appellant's Motion for Rehearing); *Hatley v. State*, 533 S.W.2d 27 (Tex. Cr.App.1976); *Stiles v. State*, 141 S.W.2d 327 (Tex.Cr.App.1940); *Gray v. State*, 197 S.W. 990 (Tex.Cr.App.1917); *Johnson v. State*, 27 Tex.App. 163, 11 S.W. 106 (1889).

See 2 Wharton's Criminal Evidence, Sec. 467 (13th ed. 1972); 3A Wigmore, Evidence, Secs. 1001, 1002 (Chadbourn rev. 1970). A matter is collateral if the cross–examining party would not be entitled to prove that matter as part of his case tending to establish his plea. *Johnson v. State*, 22 Tex.App. 206, 2 S.W. 609 (1886); *Hart v. State*, 15 Tex.App. 202 (1883); *Arechiga v. State*, supra; *Bates v. State*, supra; Wigmore, supra, Sec. 1003; 1 Branch's Annotated Penal Code, 2d ed. 221, Sec. 200.

■ Whether appellant had been intoxicated two years previous to the offense in question is a matter which is not legally relevant to the offense for which he was being tried; the State would not have been permitted to introduce such evidence as part of its case tending to establish appellant's guilt of the charged offense. It was therefore error to permit the State to contradict appellant's answer on this collateral matter by showing he had previously been convicted of driving a motor vehicle on a public highway while intoxicated. See *Kilburn v. State*, 490 S.W.2d 551 (Tex.Cr.App. 1973); *Dunlap v. State*, 462 S.W.2d 591 (Tex.Cr.App.1971); *Pope v. State*, 59 S.W.2d 390 (Tex.Cr.App.1933); *Baggett v. State*, 144 S.W. 1136 (Tex.Cr.App.1912); *Red v. State*, 46 S.W. 408 (Tex.Cr.App. 1898); *Johnson v. State*, 27 Tex.App. 163, 11 S.W. 106 (1889); *Gray v. State*, supra; *Gatson v. State*, supra.

■■ Furthermore, charges of offenses are generally inadmissible for impeachment purposes unless the charges result in final convictions for felony offenses or final convictions involving moral turpitude, none of which are too remote. *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976); *Ochoa v. State*, 481 S.W.2d 847 (Tex.Cr.App.1972). A conviction for the misdemeanor offense of driving a motor vehicle on a public highway while intoxicated is not an offense involving moral turpitude. *Ochoa v. State*, supra; *Stephens v. State*, 417 S.W.2d 286 (Tex.Cr. App.1967).

■ The State argues that appellant's previous conviction was nevertheless admissible under an exception to the general rule to correct the misleading impression left by appellant's answer on cross–examination. The State relies on *Nelson v. State*, 503 S.W.2d 543 (Tex.Cr.App.1974) as amplified by *Carter v. State*, 550 S.W.2d 282 (Tex.Cr. App.1977).

In *Nelson v. State*, supra, this Court correctly stated the exception to the general rule of inadmissibility:

"The exception arises when the witness, *by his direct testimony*, leaves a false impression of his 'trouble' with the police. In that situation, it is legitimate to prove that the witness had been 'in trouble' on occasions other than those about which he offered direct testimony."

503 S.W.2d at 545 [emphasis added]. Accord; *Reese v. State*, supra.

In *Carter v. State*, supra, the defendant was questioned on direct examination about various prior offenses, and then asked, in reference to a robbery–related detention:

"Q. Okay, now that by no means–I want to make this clear to the jury–that was by no means the first time you had ever been in jail?

"A. No."

On cross–examination, the defendant was asked if he had ever been arrested for any offenses other than those enumerated on direct examination. When he responded that he had not, the State was allowed to introduce extraneous arrests. On appeal, the extraneous arrests were held admissible, relying on *Nelson v. State*, supra, and *Reese v. State*, supra.

The circumstances in *Carter* cannot be distinguished from those in the present case: in both cases, the misleading statement which the State sought to contradict was made on *cross–examination*. However, we have concluded that *Carter* incorrectly relied on *Nelson*. *Nelson* correctly states that the exception to the general rule of inadmissibility applies when the defendant leaves a false impression of his past difficulties with the police on direct examination by his own counsel. The exception does not apply when the false impression is created by the State's cross–examination of

the defendant. The State may not rely on its own questioning on cross-examination to contradict the defendant and get in evidence collateral matters and evidence of convictions for other offenses which would otherwise be inadmissible. See *Hatley v. State*, 533 S.W.2d 27 (Tex.Cr.App.1976); *Els v. State*, 525 S.W.2d 11 (Tex.Cr.App.1975); *Roberts v. State*, 298 S.W.2d 599 (Tex.Cr.App.1957); *Bates v. State*, supra. *Carter* is overruled to the extent it is in conflict with this opinion.

It was error in the present case to allow the impeachment of the appellant by requiring him to admit the prior conviction. Not only was the appellant's "misleading" response simply a vague answer to a question about an immaterial, collateral matter, the response was elicited by the State on cross-examination.

In light of the closely contested issue of the appellant's intoxication, we cannot say that admitting evidence of a prior conviction for the same offense was harmless error. Accordingly, the judgment is reversed, and the cause remanded.