**George O. BAXTER, Appellant,**

v.

**The STATE of Texas, Appellant.**

**No. 05–81–00089–CR.**

Court of Appeals of Texas, Dallas.

Jan. 8, 1982.

Discretionary Review Granted April 21, 1982.

John C. Hardin, McKinney, for appellant.

Tom O'Connell, Dist. Crim. Atty., McKinney, for appellee.

Before AKIN, FISH and VANCE, JJ.

AKIN, Justice.

Defendant appeals from his conviction for injury to his child. Punishment was assessed at 10 years, the maximum permitted by law. Defendant asserts that during the punishment phase of his trial, the State improperly questioned defendant concerning a possible extraneous offense. We agree. Accordingly, we reverse.

During the punishment phase of defendant's trial, defendant testified to establish his eligibility for probation. In this respect, he stated that he had never been convicted of an offense and that he could abide by probation rules. Upon cross-examination, the State questioned defendant concerning the facts and circumstances surrounding the injury. When testifying on cross-examination as to his mental processes at the time of the child's injury, defendant stated that he had married in hopes of having and being able to care for a child. The State then asked defendant about whether defendant had had a prior opportunity to handle a child, and defendant stated that there was a prior child born during his marriage. The State then sought to discover the current location of that child. Defense counsel objected but was overruled by the court. Defendant then testified that the child was dead. The State sought to determine the cause of death of the child and defense counsel again objected and sought a mistrial. The objection was sustained but the motion for mistrial was overruled. The State continued through a series of questions to seek the cause of death of the child. Defense counsel continuously objected and his objections were sustained. The State offered no evidence that defendant had ever been charged or convicted of any offense connected with the death of the prior child.

■ Defendant argues that this cross-examination was clearly harmful and prejudicial in that it implied that the defendant may have killed his first child. Thus, he concludes that the trial judge erred in refusing him a mistrial. We agree that this line of interrogation was improper and was intended solely to inflame the minds of the jury against the defendant. *Boyde v. State*, 513 S.W.2d 588 (Tex.Cr.App.1974). This ploy was apparently successful since the jury gave the defendant the maximum sentence possible for the offense. Accordingly, the trial judge should have declared a mistrial, and erred in declining to do so.

■ Ordinarily, when a defendant voluntarily takes the stand in his own behalf, he may be contradicted, impeached, bolstered or attacked just as any other witness; however, he cannot be questioned on matters forbidden by law such as a possible extraneous offense of which he has not been convicted. *Webber v. State*, 472 S.W.2d 136, 139 (Tex.Cr.App.1971). The law protects a defendant from being punished for crimes for which he was neither charged nor convicted. Here, the State's questions were not directed at establishing any relevant fact essential to the State's case, not at refuting a defensive theory, nor at defendant's ability to conform to the conditions of probation. They were directed solely toward the possible extraneous offense. Accordingly, defendant's conviction must be reversed.

Our holding is supported by the rationale of the decisions of the Court of Criminal Appeals in *Ex parte Carter*, 621 S.W.2d 786

(Tex.Cr.App.1981) (en banc) and in *Shipman v. State,* 604 S.W.2d 182 (Tex.Cr.App.1980), both of which recognized exception to the general rule stated above: extraneous offenses are admissible for impeachment, even if not reduced to a final conviction, when the witness by his *testimony on direct examination* leaves a false impression with respect to his prior criminal record. The exception which was held to be inapplicable in *Ex parte Carter* but applicable in *Shipman,* is strictly limited to direct examination. Here, the exception is inapplicable because the objectionable testimony was elicited on cross-examination by the State rather than to rebut a false impression created on direct examination. The improper and prejudicial questions were elicited solely to leave the impression with the jury that the defendant may have killed his first child. Thus, the general rule which makes inadmissible extraneous offenses applies.

Defendant also contends that the evidence was insufficient to support the conviction. We have reviewed the record and find that the evidence is sufficient to support the conviction.

Reversed and remanded.