**Pedro P. MARTINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 545–85, 546–85.**

Court of Criminal Appeals of Texas,
En Banc.

March 18, 1987.

Carol H. Weir, Warren Weir, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty., Ronald E. Mendoza, Jody Tullos, Edward F. Shaughnessy, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

W.C. DAVIS, Judge.

Appellant was convicted, after pleading guilty, of aggravated robbery and aggravated kidnapping in a consolidated jury trial. He was sentenced to 15 years for aggravated robbery and 25 years for aggravated kidnapping. Appellant raised the same ground of error in both cases and the cases remained consolidated on appeal.

The San Antonio Court of Appeals affirmed appellant's convictions holding, inter alia, that appellant "can be questioned on possible extraneous offenses even if those extraneous offenses have not been reduced to a final conviction when by his testimony, either on direct or cross-examination, he leaves a false impression with respect to his prior criminal record." *Martinez v. State,* 687 S.W.2d 817, 820 (Tex.App.—San Antonio 1985). We granted appellant's petition for discretionary review to examine the Court of Appeals' holding.

During the punishment phase of trial the following took place during the State's cross-examination of appellant:

Q. [By State's Attorney]: Did you try to help Mr. Pisano by allowing him to escape this situation?

A. No, ma'am.

Q. You didn't do anything to help him?

A. No, ma'am.

Q. Now, when you realized that Mr. Pisano escaped and ran into the convenience store in Campbellton you and Bob ran?

A. Yes, ma'am.

Q. If you were so concerned about co-operating with him, why didn't you wait for law enforcement people to get there?

A. Well, I got scared.

Q. You got scared?

A. Yes, ma'am.

Q. Scared of what?

A. That was the *first time* I had been busted, you know. (emphasis added)

Q. That's the first time you had been busted?

A. Yes, ma'am.

Q. Are you sure that was the first time you had ever been arrested for anything?

A. Yes, ma'am.

Immediately following this there was a discussion held outside the presence of the jury at which time appellant's counsel offered to correct the erroneous impression left with the jury that appellant had never before been arrested and objected to allowing the State to impeach appellant with the particulars of a previous arrest. Appellant's objection was overruled, the jury was returned to the courtroom and the following occurred.

Q. [By State's Attorney]: Mr. Martinez?

A. Yes, ma'am.

Q. Are you the same person that was arrested in Dallas County, Texas on July 1, 1980 for the offense of sexual abuse—

MR. WEIR [Defense Counsel]: Just a minute. I want to object to that question being asked. Because he's already testified, without being controverted he's never been convicted of a felony in this state or any other state. And the object of that question is to introduce prejudice into this trial at this time.

THE COURT: Your objection is overruled, counsel.

Q. Are you the same person?

A. Yes, ma'am.

The Court of Appeals, relying on *Baxter v. State*, 645 S.W.2d 812 (Tex.Cr.App.1983), concluded that when a defendant leaves a false impression with the jury with respect to his prior criminal record he can be impeached with otherwise inadmissible evidence, regardless of whether the false impression was the result of direct or cross-examination. We believe the Court of Appeals misinterpreted *Baxter*, supra.

In *Shipman v. State*, 604 S.W.2d 182 (Tex.Cr.App.1980), the defendant took the stand during the guilt/innocence phase of his misdemeanor trial for driving while intoxicated. During cross-examination, after the defendant denied ever having been intoxicated before, the State inquired about a prior conviction for driving while intoxicated. This Court reversed the conviction, holding that the State may not rely on its own questioning on cross-examination to contradict the defendant and get in evidence of collateral matters like evidence of convictions that would otherwise be inadmissible.[1] See *Shipman*, supra, at 185; *Ex parte Carter*, 621 S.W.2d 786 (Tex.Cr.App. 1981).

The Court of Appeals erroneously concluded that the rule established in *Shipman* was abolished in *Baxter*. In *Baxter* this Court criticized the *Shipman* rule saying it allowed the defendant to "offer outrageous self-flattering remarks" on cross-examination. However, *Baxter* did not purport to overrule *Shipman* because its holding rests on a different premise. In *Baxter* we held that the State did not elicit any otherwise inadmissible evidence during the cross-examination of the defendant and thus, the defendant was not impeached on a collateral matter using otherwise inadmissible evidence.

The instant case is also distinguishable from *Shipman* and the rule there established has no application. The defendant in *Shipman* did not testify as to his prior criminal record, but the prosecutor, "by clever maneuvering, ... procured the defendant's denial of prior intoxication." See *Ex parte Carter*, supra at 789 (J. McCormick concurring). In the instant case, unlike the defendant in *Shipman*, appellant was not "set-up" on a collateral issue and then contradicted. Appellant voluntarily testified as to his prior criminal history without any prompting or maneuvering by the prosecutor and in so doing he falsely asserted that he had never been arrested

---

1. The defendant's prior conviction was not admissible for impeachment because, while it was a final conviction, it was not a felony or an offense involving moral turpitude.

before.[2] Unlike the prosecutor in *Shipman*, the prosecutor in the instant case was wholly innocent in questioning appellant when appellant made the offending statement which led to the prosecutor's questions about the prior arrest. The question, "Why were you scared?" can hardly be viewed as a deliberate subterfuge designed to elicit a response that would leave the jury with the false impression that appellant had never been arrested before.

We hold that when a defendant voluntarily testifies as to his prior criminal record without any prompting or maneuvering on the part of the State's attorney and in so doing he leaves a false impression with the jury, the State is allowed to correct that false impression by introducing evidence of the defendant's prior criminal record.

Accordingly, the judgment of the Court of Appeals is affirmed.

CLINTON, Judge, dissenting.

As Judge Dally demonstrated in *Shipman v. State*, 604 S.W.2d 182 (Tex.Cr.App. 1980), almost one hundred years of precedent supports the rules there followed, *viz:*

> "When a witness is cross-examined on *a collateral matter*, the cross-examining party may not then contradict the witness' answer. [citations dating to 1889 omitted]. A matter is collateral if the cross-examining party would not be entitled to prove that matter as a part of his case tending to establish his plea. [citations dating to 1883 omitted]."

*Id.*, at 183–184.[1] It is not that "by clever maneuvering" the prosecutor "procured the defendant's denial of prior intoxication," in *Shipman*, as Judge McCormick

would have it in his concurring opinion in *Ex parte Carter*, 621 S.W.2d 786, at 789 (Tex.Cr.App.1981). Application of the rules is not conditioned on whether a prosecutor is "clever," on the one hand, or "innocent," on the other. The *Shipman* Court found that "[t]he circumstances in *Carter* cannot be distinguished from those in the present case: in both cases, the *misleading statement* which the State sought to contradict was *made on cross-examination.*" *Id.*, at 184 [emphasis added by Judge Dally]. "The State may not rely on *its own questioning* on cross-examination to contradict the defendant and get in evidence collateral matters.... which would otherwise be inadmissible." *Id.*, at 185.

Moreover, a long standing rule in this State binds the crossexaminer to answers given to questions on collateral matters, *viz:*

> "When a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question."

1 Branch's Penal Code (2nd Ed.) 200, § 188; also at 221, § 200; *Bates v. State*, 587 S.W.2d 121 (Tex.Cr.App.1979); *Mauldin v. State*, 165 Tex.Cr.R. 405, 308 S.W.2d 36 (1958) (where deceased was shot with gun that accused on crossexamination by prosecutor testified he never carried a knife was immaterial matter not authorizing impeachment by further crossexamination showing that he had in the past), and other authorities cited and discussed in *Grigsby v. State*, 653 S.W.2d 43 (Tex.Cr.App.1983) (Miller, J., dissenting).

To "distinguish" *Shipman* is to weaken the salutary rules it follows.[2] In *Mauldin*,

---

**2.** Had the appellant not volunteered that this was his "first bust," a different conclusion might have been reached on the issue of responsiveness. See *Shipman*, supra; *Hammett v. State*, 713 S.W.2d 102 (Tex.Cr.App.1986).

**1.** All emphasis is mine throughout unless otherwise indicated.

**2.** In the instant cause the prosecutor ventured into collateral matters when she argumentatively asked, "If you were so concerned about cooperating with him, why didn't you wait for law enforcement people to get there?" When appel-

lant answered that he "got scared," she pressed on with "Scared of what?" To that global question, she got an answer the State claims left "a false impression."

A crossexaminer who broaches collateral matters runs a good risk of getting collateral answers, yet the crossexaminer "must 'take the answer.'" See generally *Bates v. State*, supra, at 140 (Opinion on Appellant's Motion for Rehearing), especially the "safeguarding rule" as stated by Professor McCormick at 141.

supra, accused also testified falsely that he had never carried a gun, still the Court held the trial court erred in permitting the State to show that he had. It followed a like holding in *Driehs v. State*, 164 Tex. Cr.R. 455, 301 S.W.2d 123 (1957), explicating the reason for the rule by quoting from 1 Branch's Penal Code (2nd Ed.) 199, § 187, *viz:*

> "Impeaching a material witness on an immaterial matter is reversible error, because, by discrediting the witness and showing the jury that upon an immaterial issue he testified falsely, it is calculated to make the jury believe that he may have testified falsely in regard to other matters which are material."

A host of cases is cited in support of that proposition, none of which appear to have been overruled.

Accordingly, adhering to *Shipman,* I dissent.

TEAGUE, J., joins.