# PD-1128-15

NO. _____

TO THE COURT OF CRIMINAL APPEALS OF TEXAS


**Arthur Louis Foley, Jr., Appellant**
**v.**
**The State of Texas, Appellee**


**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

FROM THE COURT OF APPEALS

EIGHTH APPELLATE DISTRICT OF TEXAS

EL PASO, TEXAS

NO. 08-13-00039-CR

TARRANT COUNTY
TRIAL COURT NO. 1302886R

RECEIVED IN
COURT OF CRIMINAL APPEALS

September 1, 2015

ABEL ACOSTA, CLERK

Brian K. Walker
STATE BAR # 24043978
222 W. Exchange Avenue
Fort Worth, TX 76164
(817) 625-2233 PHONE
(817) 887-5981 FACSIMILE
brian@walkerattorneys.com
Attorney for Appellant

**ORAL ARGUMENT REQUESTED**

# **TABLE OF CONTENTS**

PAGE

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . 2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . 3

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . 4

STATEMENT OF PROCEDURAL HISTORY OF THE CASE . . . 4

QUESTIONS PRESENTED FOR REVIEW. . . . . . . . . . 5

ARGUMENT (IMPROPER IMPEACHMENT) . . . . . . . . . 5

PRAYER . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . 10

## INDEX OF AUTHORITIES

### CASES

*Bowley v. State*,
   310 S.W.3d 431, 434 (Tex.Crim.App. 2010) . . 15

*Delk v. State*,
   481 S.W.2d 847 (Tex.Crim.App. 1972). . . . . 12

*Ochoa v. State,*
   481 S.W.2d 847, 850 (Tex. Crim.App. 1972)  . 15

*Paschall v. State*,
   285 S.W.3d 166 (Tex.App. – Fort Worth 2009). 14

### STATUTES

Tex. R. Evid. 609(a) . . . . . . . . . . . . . . 11

Tex. R. Evid. 609(b). . . . . . . . . . . . . . . 11

## STATEMENT REQUESTING ORAL ARGUMENT

Oral argument is respectfully requested on behalf of Appellant/Petitioner.

All references to Texas statutes, rules, etc. are references to the latest edition published by West Publishing Company, unless otherwise indicated.

ARTHUR LOUIS FOLEY, JR.,

Appellant-Applying for Review

V.

THE STATE OF TEXAS,

Appellee

\*\*\*\*\*\*\*\*\*\*\*\*

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

## STATEMENT OF THE CASE

This petition has resulted from a jury trial on guilt/innocense and punishment of Arthur Louis Foley, Jr. on one count of murder. (*C.R.* Vol. 1, p. 11). Mr. Foley was tried, convicted, and sentenced by jury to 25 years in the Institutional Division of the Texas Department of Criminal Justice. (*R.R.* Vol. 6, p. 133). The jury trial began on Wednesday, November 14, 2012. (*R.R.* Vol. 1, p. 3). The trial ended after five business days

4

on Tuesday, November 20th. (*R.R.* Vol. 1, p. 6). The entire trial was presided over by the Honorable Judge Robb Catalano of the Criminal District Court #3 of Tarrant County, Texas. (*R.R.* Vol. 2, p. 1).

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE

The Court of Appeals rendered its decision and delivered its written non-published opinion on July 29, 2015. The deadline for filing a Petition for Discretionary Review is August 28, 2015.

## QUESTIONS PRESENTED FOR REVIEW

In this case, a trial judge admitted a criminal conviction that was older than ten years old for impeachment purposes while Appellant was testifying. He did not do a 609(b) balancing test on the record, and almost certainly did not do one off the record, because he stated his reasoning for admitting the evidence on the record which did not comport to Rule 609. His reasoning that was apparently mistaken, was that the convictions were not older than ten years even though they clearly were. A trial judge cannot legally admit a prior

5

conviction that is older than ten years under Texas Law unless the latter part of 609 is followed. In this case, that did not happen. When a trial judge clearly indicates on the record why he is admitting a remote prior conviction, and that reasoning does not comport with Rule 609, should the appeals court sustain or overrule?

**ARGUMENT**

Several pages of trial testimony is devoted to a certified document that was sent to the Tarrant County District Attorney (DA) from the Louisiana Department of Corrections (DOC) in response to the DA's June 24, 2011 request for a "prison packet." (*R.R.* Vol. 4, p. 291-303; *R.R.* Vol. 5, p. 64-82; *R.R.* Vol. 5, p. 154-163). The DOC packet sent to the DA primarily pertained to a 1996 felony theft conviction. (*R.R.* Vol. 7, p. 90-113). That 1996 felony theft conviction was used to enhance Appellant's charge. (*R.R.* Vol. 4, p. 291-303). It was also later used to impeach the credibility of Appellant during his testimony and he did in fact

admit to it. (*R.R.* Vol. 5, p. 63). However, the DOC packet contained a rap sheet with references to several arrests and convictions of a Mike Ford, aka Arthur Foley and several other aliases, that were unrelated to the 1996 theft conviction. (*R.R.* Vol. 4, p. 292-294). During their case-in-chief, the State made an attempt to get the entire document admitted for all purposes. (R.R. Vol. 4, p. 291-293). However, the Court only initially admitted the entire packet marked as State's Exhibit 62 for record purposes (*R.R.* Vol. 4, p. 302). But, also allowed the State to redact certain parts of the packet pertaining to extraneous offenses and admitted a redacted version marked as State's Exhibit 62a for all purposes. (*R.R.* Vol. 4, p. 295). During their cross-examination of Arthur, the State was allowed to cross examine him over defense counsel's objection with a 1987 burglary conviction that was alluded to in the rap sheet portion of Exhibit 62. (*R.R.* Vol. 5, p. 79). Finally, in their rebuttal case, the State offered the portion, that had been previously redacted,

7

which alluded to the 1987 conviction as State's Exhibit 62b.  The Court did then admit that portion for all purposes over Defense Counsel's multiple objections.  (*R.R.* Vol. 5, p. 154-163).

One of the objections made by Appellant was that the conviction was too remote to be used. (*R.R.* Vol. 5, p. 79).  Texas Rules of Evidence 609 (b) states "evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date."  It also says that is the case "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Tex. R. Evid. 609(b).

The document used by the State to bolster the existence of the 1987 conviction itself cryptically states "SENT TO 2 YRS DOC, SUSP & 2 YRS ACT SUPV PROB PROB BEGINS 9-2-87 ENDS 9-2-89" and "7-9-90

PROB TERMINATED UNSATIS". (*R.R.* Vol. 7, p. 94 &

113). It is apparent from the language contained

in the rap sheet provision that the conviction

occurred in 1987, the sentence assessed was two

years confinement probated for two years, and that

the probation was ultimately rendered unsuccesful

on July 9 of 1990. Even if we assume a two year

sentence was assessed after the probationer was

deemed unsuccesful on probation, that sentence

would have been complete by July of 1992. However,

there is no mention of the result in the DOC

packet. Therefore, assuming this was proof of a

conviction for this Arthur Foley, the conviction

was too remote to be used for the purposes of

impeachment and thus violative of 609(b).

The Eighth Court of Appeals (COA) overruled

this issue because "Appellant failed to show the

trial court erred in conducting the Rule 609(b)

balancing test" and because "the record allows for

an alternative basis of admission of the 1987

burglary conviction." That alternative basis

9

pertaining to "the false-impression exception" that the COA brought up. (Appeals Court Opinion p. 12).

## COA First Reason for Overruling

In the former contention, the COA stated that "if the trial judge applied the Rule 609(b) balancing test, Appellant carries the burden to show how the trial court abused its discretion." They went on by stating that "while Appellant correctly states the rule encapsulated within Rule 609(b), he did not attempt to apply it to the case at hand." They conclude that by not doing so, "Appellant failed to show the trial court erred in conducting the Rule 609(b) balancing test." (Appeals Court Opinion p. 12). There are two obvious problems with this logic. First, the COA doesn't cite any authority for this proposition. Second, the trial judge did not do a balancing test under Rule 609(b). Nowhere in the record does the trial judge do a balancing test. In fact, it is pretty clear that the trial judge did not do a balancing test silently or off the record.

The judge himself stated that he reasoned, made his decision, and overruled Appellant's objection because he "looked at the dates and it appears to be within ten years." (*R.R.* Vol. 5, p. 80). Ironically, the first words out of the prosecutor's mouth aimed at Appellant on cross-examination, once the jury was brought back in the courtroom, was:

> Q.   Mr. Foley, you denied that you had ever been on another felony probation; is that correct?
>
> A.   Yes, Sir.
>
> Q.   So you deny then that you were arrested on September of 2nd of 1987 in Baton Rouge, Louisiana for burglary?
>
> A.   Yes, Sir.
>
> Q.   And you deny that on – in 1987, you were sentenced to two years in the Department of Corrections with that – the execution of that sentence being suspended for a two-year probation.
>
> A.   Yes, Sir.

11

This occurred within minutes of the judge stating that he felt like the conviction was within ten years.  (*R.R.* Vol. 5, p. 82).   However, the trial judge did not change his ruling, and never described any more in depth what made him think that the conviction could have been within ten years.  (*R.R.* Vol. 5, p. 82).  If there was no balancing test done, how can Appellant meet the standard set forth by the COA?  The COA stated that "if the trial judge applied the Rule 609(b) balancing test, Appellant carries the burden to show how the trial court abused its discretion." However, the trial judge did not apply the rule 609(b) balancing test.

## COA Second Reason for Overruling

In the COA's latter reason for overruling this issue, the COA said that an alternative theory for overruling the issue was manifest from the record. They began discussing what they call the "false-impression exception".  (Appeals Court Opinion p. 11).  The COA noted that "an exception to Rule 609 arises when the defendant 'opens the door' to

previously inadmissible evidence." Citing *Delk v. State*, they state that "the exception applies when a witness testifies regarding his past conduct and leaves the false impression regarding his law-abiding behavior." (Appeals Court Opinion p. 10 citing *Delk v. State*, 481 S.W.2d 847 (Tex.Crim.App. 1972)). The COA also cites *Ochoa v. State* and quotes that "if a defendant testifies as to some of his convictions but leaves the impression that there are no others, 'the State may refute such testimony despite the nature of the conviction used or its remoteness.'" (Appeals Court Opinion p. 10-11 citing *Ochoa v. State* 481 S.W.2d 847, 850 (Tex. Crim.App. 1972)). The COA then mentioned that Appellant stated during direct that "he had **'a prior** in New Orleans maybe 18- 17, 18 years ago.'" They also mentioned that he testified during cross that he had "committed **a crime** in New Orleans." They concluded that Appellant had left a "false-impression" by making those statements, and therefore, the door was opened to the 1987

13

conviction.  (Appeals Court Opinion p. 12).  That is a stretch.  First, that is an absolute subjective view of whether a false-impression was in fact created.  Second, there is nothing about the language used by Appellant that shows that he was trying to mislead, nor is there any indication that he was committing himself to only "one" offense, as stated by the COA.  Using that language did not necessarily amount to a "misleading assertion" that "he had *one* prior conviction and committed *one* crime in Louisiana" like the COA ultimately decided.  (Appeals Court Opinion p. 12).

**CONCLUSION**

In this case, a trial judge admitted a conviction that was older than ten years old for impeachment purposes.  He did not do a 609(b) balancing test on the record and almost certainly did not do one off the record because he stated his flawed reasoning on the record.  His reasoning was that the convictions were not older than ten years.

The trial judge was obviously mistaken on that point.

A trial judge cannot legally admit a prior conviction that is older than ten years under Texas Law unless the latter part of 609 is followed. In this case, that did not happen. The COA mentioned that the State argued on appeal that the balancing test "need not be overt," that the trial judge does not have to '"expressly inform the parties that it undertook the balancing test, describe the factors it weighed, and issue a finding disclosing whether those circumstances favored either the inclusion or exclusion of the evidence."' (Appeals Court Opinion p. 10). They also mention that the State argued that the "appellate courts are to presume the test was perfomed" and that the ruling must be upheld "under Bowley if it is 'correct under any theory of law applicable to the case… even if the trial judge failed to give any reason or used the wrong reason for the ruling.'" (Appeals Court Opinion p. 12). The State cited *Bowley* for this proposition. *Bowley v. State*, 310 S.W.3d 431, 434

15

(Tex.Crim.App. 2010).  However, the COA did not rest its decision on these arguments.  They rested their decision on the two reasons mentioned above. Regardless, the unique situation here is that the trial judge blatantly stated his reasoning for admitting the 1987 conviction and that decision did not comport with Rule 609.  It is also unique because we do not need to surmise whether a balancing test was done off of the record because the trial judge stated his reasoning for admitting the evidence on the record; although the reasoning was flawed.  In these situations, remote prior convictions going back past ten years should not be admitted.  The conviction was admitted in error in this case and the issue should have been sustained and the case remanded.  Accordingly, that is why Appellant requests review from this honorable court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, ARTHUR LOUIS FOLEY, JR., Appellant, prays that this Petition for Discretionary Review be granted; that this case be

16

submitted to the Court; that the Court of Appeals'
decision be reversed and for such other relief for
which he shows himself entitled.

Respectfully Submitted,

/s/ Brian K. Walker
By: BRIAN K. WALKER
222 W. Exchange Ave.
Fort Worth, Texas 76164
(817) 625-2233 Phone
(817) 887-5981 Fax
Attorney for Appellant
brian@walkerattorneys.com

## CERTIFICATE OF SERVICE

A copy of this petition was served by first class mail to the Office of Criminal District Attorney, Tarrant County Courthouse, 401 W. Belknap, Fort Worth, Texas 76196 and to the State Prosecuting Attorney at P.O. Box 12405, Austin, Texas 78711 on the 28th day of August, 2015.

/s/ Brian K. Walker
BRIAN K. WALKER

## CERTIFICATE OF COMPLIANCE

I certify that this document copmplies with the length requirements as set forth by the Texas Rules of Appellate Procedure in that this document contains 2530 words, and that the document is in 14 point type.

/s/ Brian K. Walker
BRIAN K. WALKER

17



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ARTHUR LOUIS FOLEY, JR., | § | No. 08-13-00039-CR |
| Appellant, | § | Appeal from the |
| v. | § | |
| | § | Criminal District Court Number Three |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1302886R) |
| | § | |

## **J U D G M E N T**

The Court has considered this cause on the record and concludes there was no error in the judgment. We therefore affirm the judgment of the court below. This decision shall be certified below for observance.

IT IS SO ORDERED THIS 29TH DAY OF JULY, 2015.

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating



COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| ARTHUR LOUIS FOLEY, JR., | § | |
| | | No. 08-13-00039-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Criminal District Court Number Three |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC# 1302886R) |
| | § | |

**O P I N I O N**[1]

Appellant Arthur Louis Foley, Jr., was indicted on one count of murder for killing Brandon Sibley. The State alleged three alternative means of commission in the indictment. *See* TEX. PENAL CODE ANN. § 19.02(b)(1)-(3) (West 2011)   Under section 19.02(b)(3), felony-murder, the State alleged the underlying felony was unlawful possession of firearm, and the trial court's charge included an instruction on possession by a convicted felon. The charge also included a self-defense and defense of a third person instruction. On November 19, 2012, Appellant was found guilty and the following day sentenced to 25 years in the Institutional Division of the Texas Department of Criminal Justice. On appeal, in three issues, Appellant challenges the trial court's

---

[1] This case was transferred to this Court from the Second Court of Appeals pursuant to an order issued by the Supreme Court of Texas. *See* TEX.GOV'T CODE ANN. § 73.001 (West 2013).

(1) allowing the State to impeach him with a conviction that was older than ten years; (2) admitting incomplete and unreliable criminal records of the 1987 conviction to impeach him; and (3) failing to declare a mistrial *sua sponte* when defense counsel should have requested a mistrial but did not. We affirm.

## FACTUAL HISTORY

On May 23, 2011, Sibley, a former employee of Appellant's, went to Appellant's auto repair shop to pick up speaker-boxes he left there. Appellant and his employee, Davis, told Sibley the speakers had been stolen during a burglary of the shop and he would be paid for the speakers once the insurance claim was settled. Sibley disputed Appellant's claim of a burglary and demanded to be paid for the speakers. Sibley drove away angry.

Later that day, Sibley returned and again demanded the return of his speakers. Miracle,[2] Appellant's sister, and Sibley began to fight and she swung a stick at Sibley. Appellant testified that, believing his sister could be killed, he shot Sibley. Appellant claimed he also shot Sibley in self-defense. Appellant stated Sibley was yelling, "I'll kill all of y'all."

Plumber Greg Bogan, sitting in a van parked down the street, heard Miracle and Sibley arguing and saw her swing a stick at Sibley. Bogan observed Miracle go inside the shop. Bogan stated Appellant came outside the shop, walked toward Sibley and shot him once. Sibley ran to Bogan's van and fell inside the open door. Bogan called 9-1-1 as Appellant walked calmly back into the shop. Everyone at the shop left quickly. Sibley stopped breathing shortly after police officers arrived.

Appellant said he shot Sibley with a .9-millimeter gun that rolled out from Sibley's pant leg. According to Appellant he picked up the gun and shot Sibley as Sibley came toward him.

---

[2] Miracle had stopped by after a chemotherapy treatment and was deceased at the time of trial.

2

Appellant maintained the gun was not his, but that Sibley had brought it to the shop. Appellant denied owning a gun despite the fact that ammunition for the .9-millimeter gun was found in his office. He admitted to buying the ammunition in anticipation of eventually purchasing a .9-millimeter handgun. Appellant stated he intended to purchase a .9-millimeter gun under his wife's name if his prior felony conviction prevented him from obtaining one in his name.

A search of Appellant's auto shop revealed a Hi-Point .9-millimeter handgun from the workbench in the garage area. A .9-millimeter bullet casing had been collected from Appellant's shop parking lot. Testing of the Hi-Point .9-millimeter handgun concluded the .9-millimeter casing found in the parking lot came from the Hi-Point handgun found in the shop.

A former customer of Appellant's, Bloomer, testified he had hidden a Hi-Point .9-millimetter handgun in the trunk of a vehicle he had left there in 2011. Later, he returned for his vehicle and Appellant told him it was gone. Bloomer never recovered the Hi-Point .9 millimeter hand gun from his vehicle. Sibley's father stated he saw Appellant sitting at his desk with a black semi-automatic weapon about a week to two weeks before his son's death.

**PROCEDURAL HISTORY**

The trial court admitted portions of Appellant's criminal records from the Louisiana Department of Public Safety and Corrections as State's Exhibit 62A without objection from Appellant. State's Exhibit 62A contains an indictment out of the "Criminal District Court for the Parish of Orleans" that states: "**MIKE FORD aka ARTHUR FOLEY**" committed theft of an automobile valued at five hundred dollars or more. The records also include a "WAIVER OF CONSTITUTIONAL RIGHTS PLEA OF GUILTY" which is signed by Arthur Foley and his attorney. The Waiver also recites "State of Louisiana versus **Mike Ford aka Arthur Foley**." It

3

further indicates that Appellant pled guilty to theft over $500. The sentencing document reflects on 9-11-1996 in the case of State of Louisiana v. **Mike Ford** that "[t]he above defendant… tendered to the Court a plea of guilty as charged" in which the sentence is "Three (3) years in the department of corrections – Suspended Two (2) years active probation $541.00 restitution."

Appellant elected to testify in the guilt-innocence phase of the trial. During direct examination he stated:

> I had every intention of buying a handgun. I went to the pawnshop. I looked at some guns. I was going to buy a Ruger 9-millimeter. I filled out the paperwork. He told me it would take two days. I told him I had a prior in New Orleans maybe 18 – 17, 18 years ago. He say he would run the police report, and I come back Tuesday, he will let me know.
>
> On cross-examination the following colloquy followed:
>
> STATE: Mr. Foley, you told Detective Carroll, I don't think I can get a gun, didn't you?
>
> APPELLANT: Yes, sir. You're right.
>
> STATE: There's only one reason you would have told him that, right?
>
> APPELLANT: Yes, sir.
>
> STATE: What's that reason?
>
> APPELLANT: Because I had committed a crime in New Orleans and I – I was on probation for it. I had got three years – three-year sentence, two years probation, which I completed. I was supposed to be adjudicated. So I – I actually thought I could have owned a gun. But I know nothing about Texas law, so I would have had to do research.
>
> STATE: Right. When you committed auto theft in Louisiana, you didn't know about what the law for firearms would be in Texas, did you?
>
> APPELLANT: Exactly.
>
> …
>
> STATE: Auto theft in Louisiana when you were convicted was a felony offense.

4

APPELLANT: It was an offense, I was convicted of it.

STATE: You can't – you can't buy a gun because you're a convicted felon.

…

STATE: That's why you can't buy a gun because you're a convicted felon. That's why you told that to Detective Carroll.

APPELLANT: I – I guess you could say that. I—I wasn't sure. I would have had to do research on it.

STATE: By the way, who's Mike Ford and why were you using his name?

APPELLANT: I wasn't using his name. When I first got arrested on that, apparently somebody was using my name. And that person turned out to be Mike Ford. And it was a huge thing trying to separate the two. And it – it actually stuck with me to life. You can identify me as Arthur Foley, but when I was arrested in – in – however that Mike Ford stuff got in there, it—it never physically got off.

…

STATE: Was that the only felony probation that you've ever been on?

APPELLANT: Yes, sir.

Defense counsel then objected that Appellant's "other offenses are extraneous offenses. I should have objected to the question[.]" The State asserted that Appellant had denied his other felony conviction which opened the door to his prior burglary conviction from the 80s.

The trial court held a hearing outside of the jury's presence. The State asked Appellant if he had been placed on probation for burglary on September 2, 1987. He responded, "Not that I recall, no." State's Exhibit 62B is a two-page document that appears to be a "rap sheet" according to the trial court. State's Exhibit 62B is a State of Louisiana Investigative Report for Arthur L. Foley. The report also lists aliases of Mike Ford, Michael Foley, Mike Folay and Arthur L. Foley, Jr. The original rap sheet contains eleven (11) arrests, nine (9) of which reflect the name of

5

Arthur Foley and two (2) for Mike Ford. Only two convictions are recorded, one in the name of Arthur L. Foley, Jr. which is the auto theft conviction Appellant admitted to and the second, a conviction for simple burglary on September 2, 1987 in the name of Arthur L. Foley. Appellant agreed with the State that his Louisiana criminal record history correctly recited his full name, social security number, gender, race and date of birth. Appellant contended his criminal history was not his but Mike Ford's with the lone exception of the auto theft conviction.

Appellant objected that proof of the second felony probation was not relevant and was an extraneous offense. Further, Appellant argued the State did not have any information to link Appellant to the other offenses in Appellant's criminal history from Louisiana. The State countered the packet sent by the State of Louisiana which included Appellant's criminal history and alias was certified as "true copies of the records of the Louisiana Department of Public Safety and Corrections regarding Arthur Foley." Additionally the State pointed out that Appellant had admitted to veracity of the documents in the packet pertaining to the auto theft. The State also reminded the trial court that the Appellant had stipulated to evidence from a fingerprint expert that the fingerprints in the Louisiana criminal record packet were his. The trial court ruled the State could cross-examine Appellant regarding any felony convictions or crimes of moral turpitude. The State urged the admission of Appellant's Louisiana criminal history record reflecting the felony conviction of burglary from September 2, 1987. The State proposed Appellant's criminal history be admitted only if Appellant denied the conviction for burglary.

Appellant objected to cross-examination by the State of the burglary conviction on the basis that (1) it was not relevant; (2) it was an extraneous; (3) there was no proof of a felony conviction; and (4) it was hearsay and a rap sheet was not a legitimate document. Appellant also

objected that the State could not link him to the offense, he could not cross examine the document, that the conviction was too remote, and it was more prejudicial than probative. The trial court responded, "I've looked at the dates and it appears to be within ten years." The trial court noted the State had no judgment or court documents to support the admission of the burglary conviction. The State responded the criminal history was included in Arthur Foley's certified records from Louisiana and equivalent to a Texas pen packet. The trial court ruled that the State could cross-examine Appellant on his prior burglary conviction of September 2, 1987. Appellant requested a limiting instruction be given to the jury during the cross-examination and in the jury charge.

The jury then returned to the courtroom at 10:52 a.m. and was given the following instruction:

> Ladies and gentlemen of the jury, you are instructed that any prior conviction that is alleged or proven on cross-examination, you are to consider it for credibility purposes only of the witness and cannot use it to – in the case-in-chief for guilt or innocence on the crime he's charged with. But you can consider it for credibility purposes only.

The State then asked Appellant if he had another felony conviction. He responded no. Appellant denied he had ever been convicted on September 2, 1987 for burglary in Baton Rouge, Louisiana and that he had been placed on probation for two years.

Immediately prior to closing argument at 1:27 p.m., the trial court admitted State's Exhibit 62B and allowed the State to read it to the jury. The trial court redacted the rap sheet to reflect only the arrest for burglary and conviction on September 2, 1987. The rap sheet information is as follows:

ARREST DATE: 09/02/1987         LID:
AGENCY: DOC BATON ROUGE LA      AFIS ATN:

7

NAME: FOLEY, ARTHUR L

CHARGE 1                                         COUNTS 1
R.S. 14:62 SIMPLE BURGLARY
DISPOSITION: EBR#1-87-396, ON PROB FOR ARREST OF 11-18-87, PG 7-8-87
9-2-87 SENT TO 2 YRS DOC, SUSP & 2 YRS ACT SUPV PROB PROB BEGINS 9-2-87
ENDS 9-2-89 7-9-90 PROB TERMINATED UNSATIS[.][3]

Appellant objected to State's Exhibit 62B on the basis that it was not a court record or was a judgment, was not sufficiently tied to the Appellant, and was hearsay. Further, he contended the admission of Exhibit 62B denies him the right to confront or cross-examine, it is not authenticated and is more prejudicial than probative.

The trial court inserted the following instruction in the jury charge:

You are instructed that if there is any testimony before you in this case regarding the defendant having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the credibility of the defendant, and for no other purpose.

**DISCUSSION**

On appeal, Appellant complains that the court abused its discretion in (1) allowing the State to impeach Appellant with a conviction older than ten (10) years; and (2) allowing the State to impeach Appellant with incomplete prejudicial records that were not reliable. Appellant's third complaint is the trial court erred by failing to declare a mistrial *sua sponte* when defense counsel should have requested a mistrial but did not.

**Standard of Review**

The decision to admit or exclude evidence is a matter within the trial court's sound

---

[3] Appellant's conviction for theft over $500 on the Louisiana Report recounts the arrest date as 9/11/1996 which is also the disposition date. This arrest and conviction follow the same pattern of his admitted felony conviction in which it appears the arrest date is the sentencing date.

discretion. *See Coffin v. State*, 885 S.W.2d 140, 149 (Tex.Crim.App. 1994); *Dillard v. State*, 931 S.W.2d 689, 698 (Tex.App.—Dallas 1996, pet. ref'd). "[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *Devoe v. State,* 354 S.W.3d 457, 469 (Tex.Crim.App. 2011); *Theus v. State,* 845 S.W.2d 874, 881 (Tex.Crim.App. 1992). A trial court abuses its discretion if it acts without reference to guiding rules and principles, or acts arbitrarily and unreasonably. *Montgomery v. State,* 810 S.W.2d 372, 390 (Tex.Crim.App. 1990) (op. on reh'g). We may not disturb the trial court's ruling if it is within the zone of reasonable disagreement. *Schmidt v. State*, 373 S.W.3d 856, 862 (Tex.App.—Amarillo 2012, pet. ref'd). It naturally follows that this standard applies to both Rules 404(b) and 403 rulings. *Montgomery*, 810 S.W.2d at 391. Appeals courts uphold the decisions of trial courts if any legal basis exists for doing so, even where the trial court expressly relied on an incorrect basis. *State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim.App. 2000).

### Impeachment with Prior Conviction

Rule 609(a) of the Texas Rules of Evidence allows impeachment of a witness by admission of evidence of a prior conviction if the prior conviction was a felony or a crime of moral turpitude and the trial court determines that the probative value outweighs the prejudicial effect. TEX. R. EVID. 609(a). However, Rule 609(b) provides the conviction is not admissible if more than ten years has elapsed since the date of the conviction unless the trial court determines, in the interests of justice, the probative value of the conviction supported by specific facts and circumstances substantially outweighs the prejudicial effect. TEX. R. EVID. 609(b).

Appellant contends that the 1987 burglary conviction violates Rule 609(b), that the trial judge did not conduct the requisite balancing test pursuant to the rule on or off the record, and that

9

the court erred in ruling the conviction "appears to be within ten years." The State tacitly concedes the conviction is over ten years old and argues that Rule 609(b) applies. Relying on *Chitwood*, the State responds that the trial court's application of the Rule 609 balancing test "need not be overt" nor does it need to "expressly inform the parties that it undertook the balancing test, describe the factors it weighed, and issue a finding disclosing whether those circumstances favored either the inclusion or exclusion of the evidence." *Chitwood v. State,* 350 S.W.3d 746, 749 (Tex.App.—Amarillo 2011, no pet.) (citing *Bryant v. State,* 997 S.W.2d 673, 676 (Tex.App.—Texarkana 1999, no pet.)). In addition, the appellate courts are to presume the test was performed. *Id.* The State also argues the trial court's ruling must be upheld under *Bowley* if it is "correct under any theory of law applicable to the case … even if the trial judge failed to give any reason or used the wrong reason for the ruling." *Bowley v. State,* 310 S.W.3d 431, 434 (Tex.Crim.App. 2010).

The defendant places "his character for veracity … in issue by merely taking the stand, and thus he may be impeached in the same manner as any other witness." *Hammett v. State,* 713 S.W.2d 102, 105 (Tex.Crim.App. 1986). An exception to Rule 609 arises when the defendant "opens the door" to previously inadmissible evidence. *Delk v. State,* 855 S.W.2d 700, 704 (Tex.Crim.App. 1993); *Ochoa v. State,* 481 S.W.2d 847, 850 (Tex.Crim.App. 1972). The exception applies when a witness testifies regarding his past conduct and leaves the false impression regarding his law-abiding behavior. *Delk*, 855 S.W.2d at 704. When a witness creates a false impression as to the extent of his prior arrests, convictions, charges or trouble with the police, he "opens the door" to his criminal history. *Id.*; *Prescott v. State,* 744 S.W.2d 128, 131 (Tex.Crim.App. 1988). If a defendant testifies as to some of his convictions but leaves the

impression that there are no others, "the State may refute such testimony despite the nature of the conviction used or its remoteness." *Ochoa* 481 S.W.2d at 850. If a defendant testifies to only selective details of his prior arrests and convictions, his failure to disclose any other instances leaves the impression with the jury that those instances he has testified about are the extent of his prior criminal history. *Reese v. State,* 531 S.W.2d 638, 640-41 (Tex.Crim.App. 1976). If a witness portrays a false impression with respect to his prior criminal history, cross-examination is not limited to his own assertions on direct examination. *Ex parte Carter*, 621 S.W.2d 786, 788 (Tex.Crim.App. 1981).

Generally, the false-impression exception does not permit opposing counsel to rely on his cross-examination to contradict the witness and admit evidence of extraneous offenses that would otherwise be inadmissible. *Wheeler v. State,* 67 S.W.3d 879, 885 (Tex.Crim.App. 2002); *Shipman v. State*, 604 S.W.2d 182, 184-85 (Tex.Crim.App. 1980). Additionally, the witness must unambiguously create the false impression, thereby permitting the admission of evidence of his past criminal history. *Delk,* 855 S.W.2d at 704-05; *Hernandez v. State,* 351 S.W.3d 156, 159 (Tex.App.—Texarkana 2011, pet. ref'd). However, when a defendant voluntarily testifies on cross-examination concerning his prior criminal record, without any prompting or maneuvering on the part of the State, and in doing so leaves a false impression with the jury, the State is allowed to correct that false impression by introducing evidence of the defendant's prior criminal record. *Winegarner v. State,* 235 S.W.3d 787, 790 (Tex.Crim.App. 2007); *Martinez v. State,* 728 S.W.2d 360, 362 (Tex.Crim.App. 1987); *Roberts v. State,* 29 S.W.3d 596, 601 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd).

Assuming without deciding the trial court did not conduct the Rule 609(b) balancing test,

11

the record allows for an alternative basis of admission of the 1987 burglary conviction.   Appellant testified at trial during direct examination that he had "**a prior** in New Orleans maybe 18 – 17, 18 years ago."   Under cross-examination he reiterated that he could not purchase a gun because "I had committed **a crime** in New Orleans and I – I was on probation for it."   Appellant's defense was Sibley had come to his shop with the gun, it had rolled out from Sibley's pant leg and Appellant had killed Sibley in defense of his sister and himself.   Inherent in that defense was his assertion he did not possess or own a gun because of his prior felony conviction in Louisiana. Appellant left a false impression with the jury that he had "a prior" and "committed a crime."   The State properly presented evidence that contradicted Appellant's misleading assertion he had one prior conviction and committed one crime in Louisiana.

If the trial judge applied the Rule 609(b) balancing test, Appellant carries the burden to show how the trial court abused its discretion.   While Appellant correctly states the rule encapsulated within Rule 609(b), he did not attempt to apply it to the case at hand.   Therefore, Appellant failed to show the trial court erred in conducting the Rule 609(b) balancing test. *Chitwood*, 350 S.W.3d at 749.

Issue One is overruled.

### Impeachment Evidence

Appellant's second issue complains the evidence of the 1987 burglary conviction was insufficient, unreliable and could not be proven beyond a reasonable doubt citing *Paschall, Flowers* and *Blank*.   *Paschall v. State,* 285 S.W.3d 166 (Tex.App.—Fort Worth 2009, pet. ref'd); *Flowers v. State,* 220 S.W.3d 919 (Tex.Crim.App. 2007); *Blank v. State,* 172 S.W.3d 673 (Tex.App.—San Antonio 2005, no pet.) (op. on reh'g).   He complains State's Exhibit 62B is

12

unreliable because it does not contain the identifying information of the court that entered the judgment; lacks a cause number; does not state what occurred as a result of the probation ending unsuccessfully; and does not contain complete sentences. Lastly, Appellant argues the evidence should have been excluded under Rule 609(a) because the probative value does not outweigh the prejudicial effect. The State responds the trial court did not abuse its discretion in admitting State's Exhibit 62B because the existence of the felony conviction was proved and sufficiently linked Appellant to the conviction.

Appellant's reliance on *Paschall*, *Flowers* and *Blank* is misplaced. Each of these cases involved the proof of a prior conviction for enhancement and jurisdictional purposes which must be proved beyond a reasonable doubt. In *Paschall*, the defendant was charged with a felony DWI in which two prior convictions were used to enhance a subsequent DWI. *Paschall*, 285 S.W.3d at 168. *Flowers* and *Blank* are similar, both defendants were charged with a DWI enhanced with one prior conviction. *Flowers*, 220 S.W.3d at 920; *Blank*, 172 S.W.3d at 674.

As best as we can surmise, the thrust of Appellant's argument on appeal is the 1987 burglary conviction is not properly authenticated nor sufficiently linked to the defendant. After a careful and through examination of Appellant's certified records from the Louisiana Department of Public Safety and Corrections, it is clear these records were self-authenticating pursuant to rule 902(4). TEX. R. EVID. 902(4). The trial court redacted all of Appellant's criminal history save the 1987 burglary conviction. The redacted criminal history record correctly identified his name, his race, his gender, his date of birth, and social security number. The complained of burglary conviction was listed under his name. The record shows the trial court did not abuse its discretion in admitting State's Exhibit 62B.

Here, Appellant was impeached with the admission of evidence of a 1987 burglary conviction. The 1987 burglary conviction was not used to enhance his conviction nor was it necessary for jurisdictional purposes. The evidence of the 1987 burglary conviction was admitted solely to impeach the credibility of the Appellant and the jury was given a limiting instruction by the trial court during cross-examination and was included in the charge. Moreover, Appellant was given ample opportunity to deny the 1987 burglary conviction and explain how the name Mike Ford appeared in his Louisiana criminal history.

We have found the prior 1987 burglary conviction was properly admitted. As discussed earlier the admission and exclusion of evidence is reviewed upon the abuse of discretion standard and will be upheld if the trial court's decision is correct under any theory of law applicable to the case. *Montgomery*, 810 S.W.2d at 391. Likewise we find the records contained in State's Exhibit 62B were self-authenticated and sufficiently linked to Appellant.

We overrule Issue Two.

### Mistrial

In Issue Three, Appellant asserts that his attorney erred in failing to request a mistrial and the judge erred in not declaring a mistrial *sua sponte* when the State asked Appellant if he was being investigated by the Texas Department of Insurance. On cross-examination, the prosecutor asked Appellant if the reason Sibley doubted Appellant's claim of a burglary was because "you're being investigated … by the Texas Department of Insurance." Defense counsel immediately objected, but did not request a mistrial. The State argued that the question went to the relationship between Sibley and Appellant. The judge admonished the prosecutor not to go into it any further. The judge instructed the jury to disregard the question. Appellant asserts that the court erred in

14

not declaring a mistrial.

A party complaining of the trial court's failure to grant a mistrial preserves error by: "(1) object[ing] in a timely manner[;] (2) request[ing] an instruction to disregard[;] and (3) mov[ing] for mistrial…" *Cruz v. State*, 225 S.W.3d 546, 548 (Tex.Crim.App. 2007). An essential requirement to preserve this error for appellate review is the party must make a specific, timely motion for a mistrial that is refused by the trial court. *Id.* Appellant has failed to preserve his complaint for appellate review by not moving for a mistrial. *Id*.

Historically, appellate courts have given great deference to the trial court in *sua sponte* granting a mistrial based on manifest necessity or alternatively determining if an instruction to disregard is sufficient to remediate any juror bias. *Pierson v. State*, 426 S.W.3d 763, 773 (Tex.Crim.App. 2014). Appellant has failed to cite to any case in which these facts support a finding of manifest necessity by the trial court mandating a mistrial.

Issue Three is overruled.

## CONCLUSION

We find no reversible error in the case. The judgment is affirmed.

YVONNE T. RODRIGUEZ, Justice

July 29, 2015

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

(Do Not Publish)

15

[Print this page](#)

# Envelope 6712188

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 08/28/2015 10:21:41 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Brian Walker |
| Firm Name | Walker Law Firm |
| Filed By | Brian Walker |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Military Star Card |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 10999156 |
| Order # | 006712188-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | |
| Reference Number | Foley |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 09/01/2015 11:02:56 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for |

AM     discretionary review.

## Documents

| | | |
|---|---|---|
| *Lead Document* | PDR Arthur Foley.pdf | [Original] |
| *Attachments* | Judgment.pdf | [Original] |
| *Attachments* | COA Opinion.pdf | [Original] |