# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00497-CR

---

**Roger Dale Balentine, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 207TH DISTRICT COURT OF COMAL COUNTY**
**NO. CR2016-066, THE HONORABLE DWIGHT E. PESCHEL, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Roger Dale Balentine was convicted by a jury of aggravated sexual assault of a child and indecency with a child by sexual contact. *See* Tex. Penal Code §§ 21.11(a)(1), (c)(2), 22.021(a)(1)(B)(ii), (2)(B). The trial court assessed Balentine's punishment at 30 years' confinement and 20 years' confinement, respectively, and ordered that the sentences run concurrently. In a single issue, Balentine contends that the trial court erred by failing to hold a mandatory in camera hearing under Texas Rule of Evidence 412(c). *See* Tex. R. Evid. 412 (governing admissibility of evidence of victim's past sexual behavior). We affirm the trial court's judgments of conviction.

## BACKGROUND

Balentine was indicted on two counts of aggravated sexual assault of a child (counts I and II) and three counts of indecency with a child by sexual contact (counts III–V).

The alleged victim was Elaine Johnson,[1] Balentine's granddaughter. Balentine is married to the mother of the man listed on Johnson's birth certificate as her father. However, Johnson testified at trial that she and her father are not biologically related.

Johnson, the State's only witness, testified that while she and her brothers were staying with Balentine and his wife during the summer of 2012, when Johnson was six years old, Balentine made her perform oral sex on him and touch his penis with her hands. Johnson also testified that Balentine showed her pornographic magazines.

In a recorded police interview of Balentine that was admitted at trial, he told the questioning officer that Johnson had once run outside, pulled down her pants, and told her brothers and their friends to "kiss her pussy." Balentine stated that as he had debated whether to tell his wife, Johnson threatened, "If you tell Grandma, I'm going to tell her that I was sucking your . . . privates." Balentine also stated that Johnson would masturbate under a blanket and that while he was napping, she would kiss him on the mouth or grab his penis beneath his shorts. According to Balentine, Johnson told him that she had "learned that kind of stuff" from watching television or from another child at her daycare. Balentine alternatively explained that he "blamed it all on this drug she was taking" or that she "ha[d] seen her mother do it."

After the State rested, defense counsel informed the trial court that she had a "matter to take up outside the presence of the jury" regarding the State's Rule 412 motion in limine, which the court had granted at the start of trial. The court ordered a recess and excused the jury for the rest of the day. In open court but without the jury present, the court held a hearing on the admissibility of counsel's anticipated Rule 412 evidence:

---

[1] Because Johnson was a minor at the time of the offenses, we will refer to her by a pseudonym in the interest of privacy. *See* Tex. R. App. P. 9.10(a)(3).

DEFENSE COUNSEL: Okay. Judge, I am contemplating putting the victim back on the stand. I believe that in light of the previous ruling on the 412 motion [in limine] – and we said we would approach. I think they have opened the door to let me talk to [Johnson] more in depth as to why CPS was involved in their life. It was because her older brother . . . was having sex with her from the age of five forward.

This would not be necessarily protected under the rape shield law, also known as rule of evidence 412, because it's not going to disparage the reputation of the alleged victim. It's just going to show the knowledge of where she had previously learned some of those sexual acts. And it wasn't at the hands of Mr. Balentine. It was actually at the hands of her brother that she showed the pornographic magazine to.

And so I think without letting me to go gently into those facts and circumstances that that did happen prior to when she is making these accusations against Mr. Balentine I think is leaving the wrong impression with the jury. And I think it would be necessary for them and it would be helpful to them to understand where a six-year-old may learn the word "pussy."

. . . .

THE STATE: There's a lot of problems with this . . . . Basically, what she's tried to do is open the door herself because she's the one that originally cross-examined the victim about the timeline with CPS and her reporting [to] CPS. So she has asked these questions, established this timeline, and now claims that we opened the door for her to go into this which basically is impeachment on a collateral matter. It's *Shipman v. State* [, 604 S.W.2d 182, 183–84 (Tex. Crim. App. 1980)]. The Court of Criminal Appeals says you couldn't do it.

It's also sexual history of a victim which is prohibited by Rule 412 of the Rules of Evidence. And there's case law in the Court of Criminal Appeals that says that although it may be involuntary sexual conduct if she was sexually assaulted by somebody else, that is covered by 412. In fact, there's a case where a judge held a defense lawyer in contempt for asking about such an event. And he tried to argue, well, it doesn't apply because it doesn't disparage the victim because she was a victim of this, so it's not her sexual history. The Court of Criminal Appeals said otherwise. They've made it really clear it covers exactly this type of conduct.

More importantly, under Rule 412, there's a balancing test, basically a 403 balancing test that you have for regular evidence, but the balancing test is the opposite of the ordinary test. The ordinary test presumes that it's more probative than prejudicial. Under 412, it's presumed more prejudicial than probative.

3

And in this circumstance, certainly asking this little girl about being sexually abused by somebody else is highly prejudicial and there's no reason for it in this case, so we would ask that be denied.

THE COURT: And it is.

Anything else?

DEFENSE COUNSEL: No, sir.

Balentine's sole witness, psychologist Dr. Stephen Thorne, testified as an expert about memory-source monitoring, memory contamination, gaslighting, and grooming. Thorne—who had not reviewed evidence in the case—testified that memory-source monitoring is a technique to determine where certain memories come from and whether they are true memories; that memory can be contaminated by suggestion, counseling, or gaslighting; and that offenders often justify their behavior by claiming that a child initiated sexual contact.

The trial court granted Balentine's motion for a directed verdict on count II, for which the court determined no evidence had been presented. The jury found Balentine guilty of counts I and III and not guilty of counts IV and V. Following a hearing on punishment, the trial court assessed his punishment for counts I and III at 30 years' confinement and 20 years' confinement, respectively, and ordered that the sentences run concurrently. This appeal followed.

**DISCUSSION**

Balentine contends that the trial court erred by failing "to hold an in camera 412 hearing to determine the admissibility of evidence of [Johnson]'s previous sexual conduct." Although seemingly an evidentiary claim, the issue is substantively multifarious. *See Davidson v. State*, 249 S.W.3d 709, 717 n.2 (Tex. App.—Austin 2008, pet. ref'd) (explaining that issue

4

containing "more than one specific ground of error is a multifarious one" and that appellate court "may refuse to consider it"). In arguing that he was harmed by the trial court's failure to hold a Rule 412 hearing, Balentine asserts that "[i]t has been held that [such a failure] violates a defendant's constitutional rights to confrontation and to effective assistance of counsel,"[2] that "the trial court's abuse of discretion clearly violates a large body of caselaw protecting the right of cross-examination," and that

> [t]he trial court's exclusion of this evidence having prevented counsel from cross-examining witnesses on motive or bias issues, and preventing defense counsel from providing an effective defense and presenting a vital defensive theory violated [Balentine]'s right to a fair trial, robbed him of due process in accordance with the Fourth Amendment, and directly violated his right to confront and meaningfully cross examine witnesses in accordance with the Sixth Amendment.

The State responds that Balentine's complaint—including any allegation of constitutional error—is unpreserved. We agree.

Preservation of error is a systemic requirement on appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (citing *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005)). If an issue has not been preserved for appeal, we should not address the merits of that issue. *Id.* "Almost all error, even constitutional error, may be forfeited if the appealing party does not object." *Kerr v. State*, 624 S.W.3d 816, 819 (Tex. Crim. App. 2021).

To preserve a complaint for appellate review, there must ordinarily be a timely, specific objection and a ruling by the trial court. Tex. R. App. P. 33.1(a). "To be timely, a

---

[2] Balentine cites this Court's decision in *Lapointe v. State* in support of his assertion. *See* 166 S.W.3d 287, 291, 299 (Tex. App.—Austin 2005, pet. dism'd). In that case, the trial court excluded the parties and defense counsel from the in camera hearing, at which only the trial judge, victim, and court reporter were present. *Id.* We concluded that denying defendant the right to have counsel attend the hearing and examine the victim violated defendant's right to confront witnesses and his right to the assistance of counsel. *Id.*

complaint must be made as soon as the grounds for complaint [are] apparent or should be apparent." *Wilson v. State*, 7 S.W.3d 136, 146 (Tex. Crim. App. 1999). To be sufficiently specific, an objection need not employ "hypertechnical or formalistic . . . words or phrases," *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018); "magic words," *Ford*, 305 S.W.3d at 533; or a citation to a particular statute, *Laws v. State*, 640 S.W.3d 227, 229 (Tex. Crim. App. 2022) (quoting *Ford*, 305 S.W.3d at 533). Rather, the objecting party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009); *see Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). "This gives the trial judge and the opposing party an opportunity to correct the error." *Pena*, 285 S.W.3d at 464 (citing *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)).

The complaint on appeal must also comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *see Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) ("An objection stating one legal theory may not be used to support a different legal theory on appeal." (quoting *Johnson v. State*, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681, 685 n.6 (Tex. Crim. App. 1991))). Where it does not, nothing is presented for review. *Williams v. State*, 191 S.W.3d 242, 255 (Tex. App.—Austin 2006, no pet.); *see Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). In determining whether an issue on appeal comports with a trial objection, "we look to the context of the objection and the shared understanding of the parties at the time." *Clark*, 365 S.W.3d at 339 (citing *Lankston*, 827 S.W.2d at 911).

6

As seen above, defense counsel made no objection to the manner in which the trial court held the Rule 412 hearing. At no point did counsel insist on an in camera hearing, allege the violation of a statutory or constitutional right, invoke a particular constitutional provision, argue that the hearing was impermissibly conducted in open court,[3] make an offer of proof, or seek to have Johnson testify at the hearing. Counsel argued why the anticipated testimony was admissible under Rule 412 and—after the trial court denied her request—responded, "No, sir," when asked if there was "[a]nything else."

Because counsel failed to object or otherwise challenge the lack of a hearing, the hearing's location, or the fact that Johnson did not testify, Balentine's contention that the trial court violated Rule 412 was not preserved for appellate review. *See* Tex. R. App. P. 33.1(a); *Jones v. State*, No. 01-22-00172-CR, 2023 WL 4239873, at *3 (Tex. App.—Houston [1st Dist.] June 29, 2023, no pet.) (mem. op., not designated for publication) (agreeing that defendant "failed to preserve his issue for our review because he did not object to the trial court's failure to hold a Rule 412 hearing" and did not "present the excluded testimony in some manner to preserve it for appellate review"); *Perez v. State*, No. 13-17-00650-CR, 2019 WL 5076509, at *7 (Tex. App.—Corpus Christi–Edinburg Oct. 10, 2019, no pet.) (mem. op., not designated for publication) (concluding that defendant did not preserve error where he did not object to trial court's ruling limiting victim's testimony or court's failure "to hold an 'in camera' review" and did not make offer of proof regarding victim's potential testimony); *Mbata v. State*,

---

[3] We have previously construed "in camera hearing" to mean "a judicial session held either in the judge's chambers or in the courtroom with all spectators excluded," *LaPointe*, 166 S.W.3d at 293, and found that an in-court hearing from which the jury was absent was sufficient to satisfy Rule 412, *see Mbata v. State*, No. 03-12-00215-CR, 2014 WL 1285756, at *2 (Tex. App.—Austin Mar. 26, 2014, pet. ref'd) (mem. op., not designated for publication); *see also McDonald v. State*, No. 02-13-00483-CR, 2015 WL 2353307, at *5 (Tex. App.—Fort Worth May 14, 2015, no pet.) (mem. op., not designated for publication) (same).

No. 03-12-00215-CR, 2014 WL 1285756, at *2 (Tex. App.—Austin Mar. 26, 2014, pet. ref'd) (mem. op., not designated for publication) (stating that defendant "may not complain on appeal that he was not permitted to present oral testimony at the hearing when the record plainly demonstrates that counsel for appellant made no request to the trial court to present any such testimony or to examine any witnesses"); *Lunn v. State*, 753 S.W.2d 492, 495 (Tex. App.—Beaumont 1988, no pet.) (determining that defendant did not show or preserve error because he did not make bill of exception or offer appellate court "any testimony he desired to have put before the jury which was refused").

Balentine's constitutional issues were likewise not preserved. *See Villafranco v. State*, 654 S.W.3d 753, 758 (Tex. Crim. App. 2021) (stating that "[t]he right to confront witnesses is forfeited if not requested by the defendant, as is the right to a meaningful opportunity to present a complete defense"); *Golliday*, 560 S.W.3d at 670–71 (holding that "to preserve an argument that the exclusion of defensive evidence violates constitutional principles, a defendant must state the grounds for the ruling that he seeks with sufficient specificity to make the court aware of [] these grounds"); *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (recognizing that "the right to present a defense and the right to due process and due course of law under the United States and Texas Constitutions" is forfeited where defendant does not "lodge a proper objection at trial"); *Sharper v. State*, 485 S.W.3d 612, 615 (Tex. App.—Texarkana 2016, pet. ref'd) (emphasizing that "[e]ven a defendant's right to confrontation and cross-examination may be lost if not properly preserved").

Accordingly, we overrule Balentine's sole issue.

**CONCLUSION**

Having overruled Balentine's only issue on appeal, we affirm the trial court's judgments of conviction.

_____
Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Affirmed

Filed:   October 9, 2024

Do Not Publish

9